JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBIN BAPTISTE and DEXTER BAPTISTE, on behalf of themselves and all others similarly situated

## DEFENDANTS
BETHLEHEM LANDFILL COMPANY d/b/a IESI PA BETHLEHEM LANDFILL, a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Northhampton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KEVIN S. RIECHELSON, ESQ., KAMENSKY, COHEN & RIECHELSON
194 South Broad St,, Trenton, NJ  08608

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other<br><br>**LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated New Drug Application<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC 3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | ❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE                         DOCKET NUMBER

DATE   06/22/2018

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Robin Baptiste and Dexter
Baptiste, on behalf of themselves
and all similarly situated v.

v.

Bethlehem Landfill Company
d/B/a IESI PA Bethlehem Landfill

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 6/22/18 | Kevin S. Riechelson | Robin Baptiste, et als. |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 609-394-8585 | 609-394-8620 | KRiechelson@KCRLawFirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 397 South Oak Street, Freemansburg, Pennsylvania _____

Address of Defendant: _____ 2335 Applebutter Road, Bethlehem, Northhampton Co, Pennsylvania _____

Place of Accident, Incident or Transaction: _____ Lower Saucon Twp, btwn Riverside Drive and Applebutter Rd _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/22/2018   *Kevin S. Riechelson* (signature)   58960
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
(Please specify): _____

**B.   Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. ☑ Other Personal Injury *(Please specify):* Landfill Contamination
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
(Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Kevin S. Riechelson, Esq., counsel of record *or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/22/2018   *Kevin S. Riechelson* (signature)   58960
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN BAPTISTE and DEXTER BAPTISTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BETHLEHEM LANDFILL COMPANY d/b/a IESI PA BETHLEHEM LANDFILL, a Delaware Corporation,<br><br>Defendant. | ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) ) ) ) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1.      Plaintiffs bring this class action against Bethlehem Landfill Company d/b/a IESI PA Bethlehem Landfill. Defendant owns and operates the landfill known as Bethlehem Landfill, which releases pollutants, air contaminants, and noxious odors, causing material injury to Plaintiffs' property through public nuisance, private nuisance, and negligence.

## PARTIES

2.      Plaintiffs, Robin Baptiste and Dexter Baptiste reside at 397 South Oak Street, Freemansburg, Pennsylvania.

3.      At all relevant times hereto, Defendant, Bethlehem Landfill Company, has been a Delaware business corporation headquartered in the State of Texas. Defendant, its predecessors, agents, and parents, constructed, operate, and/or maintain Bethlehem Landfill, located at 2335 Applebutter Road, Bethlehem, Northampton County, Pennsylvania.

4.      At all relevant times herein, Defendant, its agents and its predecessors did and do business in Bethlehem, Pennsylvania.  There existed and exists a unity of interest and ownership

1

between each of them, such that any individuality and separateness between them has ceased, and each such entity is the alter ego of each other entity.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 28 U.S.C. §1332(d)(2)(a). Jurisdiction is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because much of the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

6.      Defendant's landfill ("Bethlehem Landfill") is a 224 acre waste disposal facility in the Lower Saucon Township, situated between Riverside Drive and Applebutter Road, less than a mile south of the Lehigh River and northwest of Interstate 78, that abuts Steel City residential and recreational area on the northern property line.

7.      Bethlehem Landfill can currently accept up to 1,375 tons of waste on a daily basis.

8.      Landfills, like Defendant's, inherently generate odors when waste in the landfill decomposes, creating odorous landfill gas, leachate and other byproducts.

9.      Defendant, like similar operators, has the legal duty and responsibility to control the landfill's odorous emissions by capturing and destroying them to prevent them from traveling offsite and impacting the landfill's neighbors.

10.     Defendant is required to control its odorous emissions by, among other things, following proper landfilling practices, utilizing adequate landfill cover, and installing, operating, and maintaining a sufficient landfill gas collection system to capture and destroy landfill gas.

11.     A properly operated landfill will not cause offensive offsite odor impacts.

12.     On recurrent and intermittent occasions, Plaintiffs' property including Plaintiffs' neighborhoods, residences, and yards have been and continue to be physically invaded by noxious odors, pollutants and air contaminants that originate from Bethlehem Landfill.

2

13.     Defendant's landfill, and especially its odorous emissions, has been the subject of frequent complaints from residents in nearby residential areas.

14.     For years the Township of Lower Saucon, by and through its representatives such as Councilwoman Donna Louder, has repeatedly notified Defendant of residents' discomfort from the stench the landfill continuously emits.

15.     Area residents have made countless complaints to the Pennsylvania Department of Environmental Protection ("DEP") regarding odors from Defendant's facility.

16.     Despite the large number of complaints, Defendant's Bethlehem landfill has a well documented history of repeated failures in the proper maintenance and management of the landfill, and the effective control of odor emanating from the landfill such that odors do not constitute a nuisance or hazard to health, safety, or property. Illustrations of such failures include, but are not limited to, the following:

    a.     On April 16, 2012, Water & Sewer Resources Director for the Township of Saucon issued an Order of Compliance to Defendant Bethlehem Landfill in an enforcement action, and assessed $45,243.51 in fines.

    b.     On April 10, 2014, the DEP found Bethlehem Landfill in violation for not complying with permit conditions by not placing an intermediate cover atop the trash piles at the end of each day.

    c.     On August 27, 2014, the DEP found Bethlehem Landfill in violation because the intermediate cover did not prevent vectors, odors, blowing litter, and other nuisances.

    d.     On May 12, 2015, the DEP issued Bethlehem Landfill a NOV after the inspector detected strong landfill odors near the landfill's slope, gas wells, and leachate cleanout due to resultant Defendant's failure to maintain intermediate cover to prevent odors and cover solid waste after its placement on the slope. The DEP also noted Defendant's failure to implement a gas control and monitoring plan to effectively monitor gas collection for nuisance potential.

3

e.     On June 24, 2015, the DEP found Defendant's intermediate cover still did not prevent vectors, odors, blowing litter, and other nuisances, and their gas venting and monitoring was still inadequate.

f.     On May 7, 2018, the DEP determined Bethlehem Landfill not in compliance of Pennsylvania's Solid Waste Management Act and Municipal Waste Management Rules for various violations including its failure to perform waste management practice in reducing the potential for offsite odor creation, failure to promptly address and correct problems in deficiencies discovered during the course of DEP's inspection, failure to implement the Nuisance Minimization and Control Plan to minimize and control conditions that are harmful to the environment or public health, or which create safety hazards, odors, dust, noise, unsightliness, and other public nuisances, failure to maintain a uniform intermediate cover that prevents odors and litter, and failure to implement the approved gas control and monitoring plan.

17.     Still, Defendant has failed to install and maintain adequate technology to properly control the landfill's emissions, which in the absence of adequate mitigation, are transported onto Plaintiffs' property. Such failures include, but are not limited to: the landfill's daily, intermediate, and long-term cover and gas collection system; an inadequate and/or improper odor management plan; inadequate treatment of leachate prior to discharge; improper use of vents and/or flares; the failure to prevent landfill gas collection wells from becoming "watered in," including by utilizing adequate drainage systems; inadequate and/or improper cover and covering practices; and inadequate use of odor neutralizing systems and products.

18.     As a direct and foreseeable result of Defendant's failure to control the landfill's odorous emissions, those odorous emissions are routinely emitted and transported onto the property of Plaintiffs on occasions too numerous to recount individually.

19.     Approximately eighty-five (85) households have already contacted Plaintiffs' counsel documenting the odors they attribute to Defendant's landfill.

4

20. Resident complainants describe the sickening odors as obnoxious, foul, and nauseating.

21. Class Members note, among other things, their inability to utilize the outside areas of their property, to include swimming pools and porches; the inability of their children to play in their yards; their inability to host guests to their homes due to embarrassment; and even their inability to walk their dogs.

22. At times, the stench becomes so pungent it permeates the walls of Class Members homes, requires them to keep all windows and doors sealed shut, and virtually renders them entrapped in their own homes.

23. Defendant's malodorous emissions, an issue clearly characterized as gross and pervasive, have substantially impacted the Class Members' ability to use and enjoy their homes, and have reduced the value of the homes of Plaintiffs and the Class.

24. The invasion of Plaintiffs' property by pollutants, noxious odors, and air contaminants has caused Plaintiffs to suffer injuries including the loss of use and enjoyment of their property.

25. These atrocious odors are offensive, would be offensive to a reasonable person, and have caused property damage, including lost property value.

26. The invasion of Plaintiffs' property by pollutants, noxious odors, and air contaminants has interfered with Plaintiffs' use and enjoyment of their property, resulting in damages in excess of $5,000,000.

27. Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and/or operate the landfill, and caused the invasion of Plaintiffs' property by noxious odors, air contaminants, and other airborne pollutants on intermittent and reoccurring dates.

28. Defendant's emissions are especially injurious to the Class as compared with the public at large, given the impacts to their homes.

29.     Defendant is vicariously liable for all damages suffered by Plaintiffs, caused by Defendant's employees, representatives and agents, who, during the course and scope of their employment, allowed or failed to correct the problem(s) which caused noxious odors, and air contaminants to physically invade Plaintiffs' property.

## CLASS ALLEGATIONS

### A.     Definition of the Class

35.     Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **All owner/occupants and renters of residential property within a 2.5 mile**
>
> **radius of the Bethlehem Landfill Company Facility.**

Excluded from the Class are Defendant and its affiliates, predecessors, successors, officers, directors, agents, servants, or employees, and the immediate family members of such persons. Plaintiffs reserve the right to modify the class definition and/or propose one or more subclasses if discovery reveals such modifications are appropriate.

### B.     Numerosity

36.     Upon information and belief, there are in excess of 8,400 households within a 2.5 mile radius of the landfill. Accordingly, the members of the Class are so numerous that joinder of all parties is impracticable.

### C.     Commonality

37.     Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

    a.   whether and how Defendant intentionally, recklessly, willfully, wantonly, maliciously, grossly and/or negligently failed to construct, maintain and/or operate the landfill;

    b.   whether Defendant owed any duties to Plaintiffs;

    c.   which duties Defendant owed to Plaintiffs;

    d.   the way in which the landfill's odors were dispersed over the class area;

    e.   whether it was reasonably foreseeable that Defendant's failure to properly construct, maintain and/or operate the landfill would result in an invasion of Plaintiffs' possessory interests;

    f.   whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and

    g.   the proper measure of damages incurred by Plaintiffs and the Class.

**D.**    **Typicality**

38.    Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, rely upon the same legal theories and seek the same type of relief.

39.    The claims of Plaintiffs and the other Class members have a common origin and share a common basis. The claims originate from the same failure of the Defendant to properly construct, maintain and/or operate the landfill.

40.    All Class members have suffered injury in fact resulting in the loss of property value by reason of Defendant's failure to properly construct, maintain and/or operate the landfill.

**E.**    **Adequacy of Representation**

41.    Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

42.    Plaintiffs have retained the services of counsel, who are experienced in complex class action litigation, and in particular class actions involving odors, including those from landfills. Plaintiffs' counsel will adequately prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.**    **Class Treatment Is the Superior Method of Adjudication**

43.     A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

     a.   Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

     b.   Little or no individu al litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

     c.   The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

     d.   The proposed class action is manageable.

## CAUSE OF ACTION I

### PUBLIC NUISANCE

44.     Plaintiffs restate all allegations of this Complaint as if full rewritten herein.

45.     The noxious odors, pollutants, and air contaminants which entered Plaintiffs' property originated from the landfill constructed, maintained and/or operated by Defendant.

46.·    The odors, pollutants, and air contaminants invading Plaintiffs' property are indecent and/or offensive to the senses, and obstruct the free use of their property so as to significantly and unreasonably interfere with the comfortable enjoyment of life and/or property, including in but not limited to the following ways:

     a.   causing Plaintiffs to remain inside their homes and forego use of their yards;

     b.   causing Plaintiffs to keep doors and windows closed when weather conditions otherwise would not so require; and

     c.   causing Plaintiffs embarrassment and reluctance to invite guests to their homes.

47.     Defendant, by failing to reasonably repair and/or maintain its landfill so to abate nuisances such as malodorous emissions, has acted, and continues to act, in conscious disregard to public health, safety, peace, comfort, and/or convenience.

48.     Defendant's emission of odors, pollutants, and air contaminates is proscribed by

8

municipal and Pennsylvania state law.

49.     The odors, pollutants, and air contaminates produced by Defendant's landfill are continuous in nature and have a permanent and long-lasting effect.

50.     Defendant is aware of the odors, pollutants, and air contaminates that emanate from its landfill, and has knowledge of the significant impact the odors have on residents' lives.

## CAUSE OF ACTION II

### PRIVATE NUISANCE

51.     Plaintiffs restate all allegations of this Complaint as if fully rewritten herein.

52.     Defendant owed, and continues to owe, a duty to Plaintiffs to take positive action to prevent and/or abate the interference with the the invasion of the private interests of the Plaintiffs.

53.     By constructing and then failing to reasonably repair and/or maintain its landfill, Defendant has negligently created an unreasonable risk of foreseeable harm by causing the invasion of Plaintiffs' property by noxious odors, pollutants, and air contaminants.

54.     As a foreseeable, direct and proximate result of the foregoing conduct of Defendant, Plaintiffs suffered injuries and damages to their property as alleged herein.

55.     The injuries and damages suffered by Plaintiffs are specially injurious to themselves because they uniquely suffer harm relating to the use and enjoyment of their land and property, and decreased property values, which are not harms suffered by the general public.

56.     Plaintiffs did not consent for noxious odors, pollutants and air contaminants to enter and settle upon their land and property.

57.     By causing noxious odors, pollutants, and air contaminants produced and controlled by Defendant to physically invade Plaintiffs' land and property, Defendant intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

58.     Whatever social utility Defendant's landfill provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been

9

deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

59.     Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, injunctive and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

## CAUSE OF ACTION III

### NEGLIGENCE

55.     Plaintiffs restate all allegations of this Complaint as if fully rewritten herein.

56.     On occasions too numerous to mention, Defendant negligently and improperly constructed, maintained and/or operated the landfill such that it caused the emission of noxious odors, pollutants, and air contaminants onto Plaintiffs' homes, land and property.

57.     As a direct and proximate result of Defendant's negligence and gross negligence in constructing, maintaining and/or operating the landfill, Plaintiffs' property, on occasions too numerous to mention, was invaded by noxious odors, pollutants, and air contaminants.

58.     As a further direct and proximate result of the foregoing conduct of the Defendant, Plaintiffs suffered damages to their property as alleged herein.

59.     The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendant.

60.     By failing to properly construct, maintain and/or operate its landfill, Defendant failed to exercise its duty of ordinary care and diligence so that noxious odors, pollutants, noise, dust, debris and air contaminants would not invade Plaintiffs' property.

61.     A properly constructed, operated, and maintained landfill will not emit substantial odors and/or air pollutants into neighboring residential areas.

62.     By failing to construct, maintain and/or operate its landfill, Defendant has

10

intentionally caused the invasion of Plaintiffs' property by noxious odors, pollutants, and air contaminants.

63.    Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated the landfill and knew, or should have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by noxious odors, pollutants, and air contaminants.

64.    As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residences were invaded by noxious odors, pollutants, and air contaminants.

65.    The conduct of Defendant in knowingly allowing conditions to exist which caused noxious odors, pollutants, and air contaminants to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs.

66.    Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the lives, safety or property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A.    Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B.    Designation of Plaintiffs as representative of the proposed Class and designation of their counsel as Class counsel;

C.    Judgment in favor of Plaintiffs and the Class members and against Defendant;

D.    Award Plaintiffs and the Class members compensatory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E.    An Order holding that entrance of the aforementioned odors upon Plaintiffs' property constituted a nuisance;

11

F.      Temporary, preliminary, and permanent orders for injunctive relief consistent with Defendant's permit and regulatory requirements that requires Defendant to cease emitting odors, pollutants, and air contaminants such that they no longer invade Plaintiffs' property;

G.      Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: June 21, 2018

KAMENSKY COHEN & RIECHELSON

Kevin S. Riechelson
Attorney I.D. 58960
194 S. Broad Street
Trenton, NJ 08608
(609) 394-8585
kriechelson@kcrlawfirm.com

LIDDLE & DUBIN, P.C.
Steven D. Liddle *(Pro Hac Vice to be filed)*
Nicholas A. Coulson *(Pro Hac Vice to be filed)*

975 E. Jefferson Avenue
Detroit, Michigan  48207
(313) 392-0025

*Attorneys for Plaintiffs*

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 22, 2018

By: _____

Kevin S. Riechelson

13