APPENDIX X

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN BAPTISTE and DEXTER BAPTISTE, | : CIVIL ACTION |
| v. | : |
| BETHLEHEM LANDFILL COMPANY | : NO. 5:18-cv-2691-JFL |

ORDER

AND NOW, this 30th Day of October, 2018, it is hereby

ORDERED that the application of Steven D. Liddle, Esquire, to practice in this court pursuant to Local Rule of Civil Procedure 83.5.2(b) is

[X] GRANTED. [1]

[ ] DENIED.

_____
JOSEPH F. LEESON, JR., J.

---

[1] This Court considered Defendant's opposition to the pro hac vice application, which is based on alleged misconduct by two other attorneys at the same law firm as the applicant, *see* ECF No. 13, as well as Plaintiffs' reply thereto and the declaration of the applicant, which states that he is a member in good standing with the state bar of Michigan and has never been suspended, disbarred, or disciplined, *see* ECF No. 23. In the absence of any alleged misconduct by the applicant, his motion for pro hac vice admission is granted. However, this Court offers no opinion at this time as to how, if at all, the alleged misconduct by members of the same law firm may impact any future appointment of class counsel. *See Sheinberg v. Sorensen*, 606 F.3d 130, 132-33 (3d Cir. 2010) (explaining that the district court must consider the factors outlined in Federal Rule of Civil Procedure 23(g) in appointing class counsel to ensure that class counsel has the ability to "fairly and adequately represent the interests of the class").