# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN BAPTISTE AND DEXTER BAPTISTE, *Plaintiffs*, | CIVIL ACTION |
| v. | No. 18-2691 |
| BETHLEHEM LANDFILL COMPANY, et al. *Defendant.* | |

## **OPINION**

### I. INTRODUCTION

Plaintiffs Robin Baptiste and Dexter Baptiste allege that the landfill operated by Defendant emits noxious odors which cause material injury to Plaintiffs' property and seek relief for their claims of public nuisance, private nuisance, and negligence. ECF No. 1. Plaintiffs also bring this action on behalf of a class of persons who are "owner/occupants and renters of residential property within a 2.5 mile radius of the Bethlehem Landfill Company Facility." ECF No. 1 at ¶ 35. Before the Court is Defendant's Motion to Dismiss (ECF No. 7), Plaintiffs' Opposition (ECF No. 24), and Defendant's Reply (ECF No. 25). For the reasons that follow, the Court grants Defendant's Motion to Dismiss (ECF No. 7). Accordingly, Plaintiffs' Complaint (ECF No. 1) is dismissed.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 550 U.S. at 679).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff must plead to state a claim.'" *Id.* at 787 (alterations in original) (quoting *Iqbal*, 550 U.S. at 675). "Second, [the court] should identify allegations that, 'because

2

they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 550 U.S. at 679). Third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (alterations in original) (quoting *Iqbal*, 550 U.S. at 679).

## III. BACKGROUND

Plaintiffs bring class action claims of public nuisance, private nuisance, and negligence against Bethlehem Landfill Company d/b/a IESI PA Bethlehem Landfill ("Defendant landfill"), claiming that the landfill owned by Defendant releases "pollutants, air contaminants, and noxious odors, causing material injury to Plaintiffs' property." ECF No. 1 at ¶ 1. Plaintiffs Robin Baptiste and Dexter Baptiste reside at 397 South Oak Street, Freemansburg, Pennsylvania. *Id.* at ¶¶ 2, 3. Plaintiffs allege that, at all relevant times, Defendant has owned and operated a landfill, a 224-acre waste disposal facility, located at 2335 Applebutter Road, Bethlehem, Northhampton County, Pennsylvania. *Id.* at ¶ 3. Plaintiffs claim that a "properly operated landfill will not cause offensive offsite odor impacts," and that Defendant landfill "has been the subject of frequent complaints from residents in nearby residential areas." *Id.* at ¶¶ 11, 13. Plaintiffs allege that the Township of Lower Saucon has "repeatedly notified Defendant of residents' discomfort from the stench the landfill continuously emits" and that area residents have "made

3

countless complaints to the Pennsylvania Department of Environmental Protection [PADEP] regarding odors from Defendant's facility." *Id.* at ¶¶ 14-15. Plaintiffs claim that Defendant landfill also has a "well documented history of repeated failures in the proper maintenance and managements of the landfill," including:

- April 16, 2012, Order of Compliance issued by the Water & Sewer Resources Director for the Township of Saucon with $45,243.51 in fines;
- April 10, 2014, PADEP found Defendant in violation for not complying with permit conditions by not placing an intermediate cover atop the trash piles at the end of each day;
- August 27, 2019, PADEP found Defendant in violation because intermediate cover did not prevent vectors, odors, blowing litter, etc.;
- May 12, 2015, PADEP issued a NOC for Defendant's failure to maintain intermediate covers to prevent odors and cover solid waste. PADEP also noted Defendant's failure to implement a gas control and monitoring plan;
- June 24, 2015, PADEP found Defendant's intermediate cover did not prevent vectors, odors, blowing litter, etc. and gas monitoring was still inadequate;
- May 7, 2018, PADEP found Defendant not in compliance with Pennsylvania's Solid Waste Management Act and Municipal Waste Management rules for various violations.
- *Id.* at ¶ 16.

Plaintiffs further allege that Defendant has "failed to install and maintain adequate technology to properly control the landfill's emissions" such that there are odors on Plaintiffs' property "on occasions too numerous to recount individually." *Id.* at ¶¶ 17-18. Plaintiffs allege that eighty-five households have already contacted Plaintiffs' counsel documenting the odors they attribute to

4

Defendant landfill, which they claim precludes them from using the outside areas of their property and even occasionally permeates the walls of their homes and requires them to keep all windows and doors sealed shut. *Id.* at ¶¶ 19, 21, 22. Plaintiffs allege that these "malodorous emissions" have "substantially impacted the Class Members' ability to use and enjoy their homes," including the "loss of the use and enjoyment of their property," as well as a reduction in the value of the homes of Plaintiffs and the Class Members. *Id.* at ¶¶ 23, 24. Plaintiffs allege that the odors have "interfered with Plaintiffs' use and enjoyment of their property, resulting in damages in excess of $5,000,000." *Id.* at ¶ 26. Plaintiffs further allege that Defendant was negligent and reckless in failing to "construct, maintain, and/or operate the landfill," which caused the interference of odors with Plaintiffs' enjoyment of their property and which Plaintiffs allege are "especially injurious to the Class as compared with the public at large." *Id.* at ¶ 28.

Plaintiffs allege that the class would include "[a]ll owner/occupants and renters of residential property within a 2.5 miles radius of the Bethlehem Landfill Company Facility," excluding Defendant, which includes more than "8,400 households within a 2.5 mile radius of the landfill." *Id.* at ¶¶ 35, 37.

## IV. DISCUSSION

### A. COUNT I: Public Nuisance

A public nuisance is an "unreasonable interference with a right common to the general public." *Kuhns v. City of Allentown*, 636 F. Supp. 2d 418, 438 (E.D. Pa. 2009). For a private party to state a claim for a public nuisance, they must allege that they suffered a special or specific injury different than that which was suffered by the public. *Pennsylvania Soc. for Prevention of Cruelty to Animals v. Bravo Enterprises, Inc.*, 428 Pa. 350, 359 (1968). This injury must be "over and above the injury suffered by the public generally." *Id.* at 360. In other words, the harm must be of "greater magnitude and of a different kind than that which the general public suffered." *Kuhns*, 636 F. Supp. 2d at 436–37 (internal citations omitted). "The law requires greater and different injury because (1) it is difficult to 'draw[ ] any satisfactory line for [any] public nuisance' and (2) 'to avoid multiplicity of actions [,] invasions of rights common to all of the public should be left to be remedied by public action by officials.'" *Allegheny Gen. Hosp. v. Philip Morris*, Inc., 228 F.3d 429, 446 (3d Cir. 2000). "[I]t has long been established in Pennsylvania that the injunction of such a public nuisance must be sought by the proper public authorities." *Pennsylvania Soc. for Prevention of Cruelty to Animals*, 428 Pa. at 362 (holding that the SPCA does not have any greater property right in the prevention of cruelty to animals than the general public).

6

Plaintiffs have alleged a public nuisance but have not shown how they or the members of the proposed class have suffered special harm that would allow them to pursue a private action for this public nuisance. "Public nuisances, by definition, affect many people." *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1460, 1481 (E.D. Pa.), *reversed on other grounds sub nom. Federal Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270 (3rd Cir. 1993), *cert. denied sub nom. Ejay Travel, Inc. v. Algemeen Burgerlijk Pensioenfonds*, 511 U.S. 1107 (1994).

Plaintiffs claim that a properly operated landfill would not cause offensive offsite odor impacts. ECF No. 1 at ¶ 11. The PADEP is tasked with administering and enforcing the Solid Waste Management Act ("SWMA"), which regulates landfills such as Defendant landfill. *See Berks Cty. v. Dep't of Envtl. Prot.*, 894 A.2d 183, 186 (Pa. Commw. Ct. 2006) ("The [PA]DEP is the agency of the Commonwealth of Pennsylvania authorized to administer and enforce, *inter alia*, the Solid Waste Management Act . . . 35 P.S. §§ 6018.101-6018.1003, . . . and the rules and regulations promulgated thereunder, including the Municipal Waste Management Regulations ["MWMR"], 25 Pa. Code Chapters 271-285.") The SWMA further empowers PADEP to "administer the solid waste management program," and "conduct inspections and abate public nuisances." 35 Pa. Stat. Ann.

§ 6018.104. The SWMA also explicitly provides that any violation of the provisions of the SWMA shall constitute a public nuisance:

> Any violation of any provision of this act, any rule or regulation of the department, any order of the department, or any term or condition of any permit, shall constitute a public nuisance.
> 35 P.S. § 6018.601

The language in the SWMA along with the fact that the PADEP is tasked with regulating landfills in Pennsylvania supports the conclusion that the improper operation or maintenance of Defendant landfill, and any resulting odors, constitutes a public nuisance and affects the community at large.

However, Plaintiffs fail to allege a private action for this public nuisance because they do not show how their injury is over and above the injury suffered by public generally. "[W]here there are a large number of plaintiffs, the harm those plaintiffs suffered is not special." *In re One Meridian*, 820 F. Supp. at 1481. The court in *In re One Meridian*, in deciding a motion to dismiss a public nuisance claim following a fire, held that "only parties who may have suffered peculiar harm as a result of the closure of the streets due to the fire were those businesses who can show with reasonable certainty that they lost profits due to the closure of the streets and who suffered a substantial lack of access." *Id.* The Court additionally found that "[a]ll other plaintiffs were not uniquely affected by the

8

closure of the streets," and including them in the suit would "generalize the harm." *Id.*

The Complaint alleges that Plaintiffs' property, which is a direct distance of 1.6 miles from Defendant landfill,[1] along with a proposed class of greater than 8,400 households over 19 square miles, has been "physically invaded by noxious odors, pollutants and air contaminants" originating from Defendant landfill. ECF No. 1 at ¶¶ 12, 36. Plaintiffs seem to assume that, because they have alleged that their property is filled with odors from Defendant landfill, they suffer an injury of greater magnitude as compared to the "general public," which Plaintiffs argue is composed of those who live in the area plus those who have reason to travel or visit in the area. ECF No. 24 at 5. However, because Plaintiffs allege no reason other than their proximity to the landfill to prove they suffered a special harm, it would necessarily follow that all households within a 1.6 mile radius of Defendant landfill—assuming at the very least that Plaintiffs suffered a special harm—had suffered a special harm as well because of the improper operation and maintenance of Defendant landfill. Thus Plaintiffs' proximity alone, which again would

---

[1] The Complaint alleges that Defendant landfill is located at 2335 Applebutter Road, Bethlehem, Northhampton County, Pennsylvania, and that Plaintiffs live at 397 South Oak Street, Freemansburg, Pennsylvania. Complaint at ¶¶ 2, 3. The Court thus takes judicial notice of the fact that the direct distance between Plaintiffs' home and Defendant landfill is 1.6 miles and that there is a river between the two properties. *See* FRCP 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it. . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

9

necessarily require that thousands of other households also have a special harm, does not demonstrate how Plaintiffs are uniquely harmed by Defendant landfill over and above the general public. Thus, Plaintiffs have failed to state a private claim for public nuisance against Defendant, and this claim must be dismissed.

### B. COUNT II: Private Nuisance

Plaintiffs have also failed to state a claim for private nuisance. The Supreme Court of Pennsylvania in *Waschak* adopted Section 822 of the Restatement of Torts to govern private nuisance cause of actions. *Waschak v. Moffat*, 379 Pa. 441, 449 (1954). "A defendant is liable for a private nuisance under [] section [822] only if its conduct was a 'legal cause of an invasion of another's interest in the private use and enjoyment of land.'" *Cavanagh v. Electrolux Home Prod.*, 904 F. Supp. 2d 426, 434 (E.D. Pa. 2012) (quoting Restatement (Second) of Torts §822). This invasion must also be "(a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities." *Karpiak v. Russo*, 450 Pa. Super. 471, 476 (1996); *see also Cavanagh*, 904 F.Supp. at 433. Both Pennsylvania and federal decisions have limited "private nuisance cases to situations involving [visitors] to a premises or neighboring landowners." *Cavanagh*, 904 F. Supp. at 435 (*citing Phila. Elec. Co. v. Hercules, Inc.*, 762 F.2d 303, 314 (3d Cir.1985)).

The main difference between the public and private nuisance causes of action is that the public nuisance is common to all members of the public alike, whereas a private nuisance affects a member of the public. *Philips v. Donaldson*, 112 A. 236, 238 (Pa. 1920). The improper operation or maintenance of a landfill resulting in odors, ECF No. 1 at ¶ 11, is an "inconvenience or troublesome offense that annoys the whole community in general," and not "some particular person," and thus constitutes a public nuisance rather than a private nuisance. *Philips*, 269 Pa. at 246. Furthermore, because Plaintiffs live a direct distance of 1.6 miles from Defendant landfill, with many other properties and the Lehigh River between them, *see supra* n. 1, Plaintiffs' property is not a *neighboring* property to the landfill. Therefore, Plaintiffs' claim that the improper operation of the landfill is a private nuisance is inconsistent with the "historical role of private nuisance law as a means of efficiently resolving conflicts between *neighboring*, contemporaneous land uses." *Philadelphia Elec. Co.*, 762 F.2d at 314. The allegations Plaintiffs make regarding Defendant landfill affect the community at large and not Plaintiffs' property in particular. Thus, Plaintiffs have failed to state a claim for private nuisance against Defendant, and this claim must be dismissed.

C. COUNT II: Negligence

Lastly, Plaintiffs claim that Defendant landfill is liable to Plaintiffs on a theory of negligence. The elements of a cause of action based upon negligence in

11

Pennsylvania are: "(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; (4) actual loss or damage resulting to the plaintiff." *R.W. v. Manzek*, 585 Pa. 335, 346 (2005). To determine whether the defendant has a duty to the plaintiff, the court must consider: "(1) the relationship between the parties; (2) the utility of the defendant's conduct; (3) the nature and foreseeability of the risk in question; (4) the consequences of imposing the duty; and (5) the overall public interest in the proposed solution." *Id.* Defendant argues that it does not have a duty to protect its neighboring landowners from offensive odors or other nuisance conditions. ECF No. 7 at 19; *see also Gilbert v. Synagro Cent., LLC*, 90 A.3d 37, 51 (Super. Ct. Pa. 2014), *rev'd on other grounds*, 131 A.3d 1 (Pa. 2015) (holding that plaintiffs "have not identified any duty under Pennsylvania law that requires a property owner to use his or her property in such a manner that it protects neighboring landowners from offensive odors or other nuisance conditions.")

The only argument Plaintiffs offer in claiming that Defendant has a duty to Plaintiffs to protect them and other properties within a 2.5 mile radius from odors is that Defendant is required to "minimize and control public nuisances from odors" under 25 Pa. Code § 273.218 (MWMR), and that Defendant landfill must

be governed by a plan that "[p]rovide[s] for the orderly extension of municipal waste management systems . . . in a manner which will not create . . . public nuisances" under 35 P.S. § 6018.201 (SWMA). Plaintiffs do not submit any legal argument to show that Defendant had a duty to Plaintiffs other than that which is allegedly imposed by statute or regulation. However, the Restatement of Torts § 822 states that the "court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively. . . to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public." Restatement (Second) of Torts § 288(b) (1965). Thus, unlike the Pennsylvania Storage Tank and Spill Prevention Act, a violation of which Plaintiffs argue creates negligence per se, the SWMA cannot give rise to a claim of negligence per se because it is intended to benefit the public generally, and not a particular group. *See Tri–County Bus. Campus Joint Venture v. Clow Corp.*, 792 F.Supp. 984, 995 (E.D.Pa.1992) ("[Defendant] correctly notes . . . that a plaintiff cannot . . . [initiate] a cause of action for negligence per se based on SWMA violations.")

Furthermore, although it is not framed as such, by predicating Defendant's duty to Plaintiffs on the statute alone and arguing that negligence exists because "Defendant has violated [the] duties" imposed on it by Pennsylvania law as a landfill operator, Plaintiffs put forth a negligence per se claim. ECF No. 24 at 8;

13

*see Russell v. Chesapeake Appalachia, L.L.C.*, No. 4:14-CV-00148, 2014 WL 6634892, at *3 (M.D. Pa. Nov. 21, 2014) ("The concept of negligence per se allows a litigant, and ultimately a court, to invoke a statute to supply elements of a negligence claim (e.g. duty and breach), when a defendant violates a statute that is designed to prevent the particular harm at issue and meets other applicable criteria."). Yet, as previously noted, "a plaintiff cannot circumvent the lack of such a private cause of action [in the SWMA] by initiating a cause of action for negligence per se based on SWMA violations." *Tri-Cty. Bus. Campus Joint Venture v. Clow Corp.*, 792 F. Supp. 984, 995 (E.D. Pa. 1992) (*citing Fleck v. Timmons*, 374 Pa. Super. 417, 543 A.2d 148, 152 (1988)); *see also Centolanza v. Lehigh Valley Dairies, Inc.*, 430 Pa. Super. 463, 477 (1993), aff'd, 540 Pa. 398, 658 A.2d 336 (1995) ("[T]here is no underlying right to bring a private action" under the SWMA, and "private persons may only intervene under the SWMA in actions brought by the [PADEP].") Plaintiffs do not assert any other arguments supporting their claim that Defendant has a duty to Plaintiffs to protect them from odors on their property and thus have failed to state a claim for negligence.

Lastly, while the Court does not opine on whether Plaintiffs' claims for injunctive relief are barred by the doctrine of primary jurisdiction, having dismissed all causes of action, Plaintiffs' request for punitive and injunctive relief must also be dismissed.

## V. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss the Complaint (ECF No. 7).

DATED: 3-13-2019

BY THE COURT:

/s/ Chad F. Kenney
CHAD F. KENNEY, JUDGE